**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| RUSSELL PREVATTE, ) | CASE NO. 4:23-cv-00039 |
| ) | |
| Petitioner, ) | JUDGE DAVID A. RUIZ |
| ) | |
| v. ) | |
| ) | |
| WARDEN FRANK GARZA, ) | |
| ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent ) | |

Petitioner Russell Prevatte, a federal prisoner proceeding *pro se*, filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the execution of his sentence. (R. 1). Specifically, Petitioner seeks to have time credits applied to his sentence pursuant to the First Step Act of 2018, Pub. L. 115-391. (*Id.*). On July 20, 2023, Respondent Frank Garza[1] filed his opposition to the petition and Motion for Summary Judgment. (R. 5). On August 10, 2023, Petitioner filed a reply. (R. 7). And on August 16, 2023, Respondent filed a reply. (R. 8). For the reasons that follow, Respondent's Motion for Summary Judgment (R. 5) is GRANTED and the habeas

---

[1] Petitioner and Respondent agree that Warden Garza, the former Warden of the Federal Correctional Institution in Elkton, Ohio, is not the proper Respondent; rather, it should be the current Warden, Ian Healy. (R. 5, PageID# 65; R. 7, PageID# 115). Since the Court's analysis of the petition would be the same regardless of the name of the current Warden, the Court elects to proceed despite Warden Garza's name remaining on the docket.

Separately, after filing his petition, Petitioner filed a Motion to Correct the Record by changing Warden Garza's first name on the docket from "Frank" to "Fernando." (R. 3). While the Court appreciates Petitioner's attention to detail, the first name of the Warden has no bearing on the Court's analysis, so the Motion is denied.

petition (R. 1) is DISMISSED with prejudice. Additionally, Petitioner's Motion to Correct the Record (R. 3) is DENIED.

## I. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Quinn v. Eshem*, 2016 WL 9709498, at *2 (6th Cir. Dec. 20, 2016) ("Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (internal quotation marks omitted)). There is a genuine dispute as to a material fact when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Peffer v. Stephens*, 880 F.3d 256, 262 (6th Cir. 2018) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Non-moving parties may not rest upon the mere allegations in their pleadings nor upon general allegations that issues of fact may exist. *See Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1275 (6th Cir. 1974). Moreover, a party asserting an affirmative defense bears the burden of proof at trial as to the affirmative defense, and thus bears that burden at the summary judgment stage as well. *See, e.g.*, *Wells Fargo Bank, N.A. v. Favino*, 2011 WL 1256847, at *4 (N.D. Ohio Mar. 31, 2011) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)). In ruling on a motion for summary judgment, the Court must construe the evidence, as well as any inferences to be drawn from it, in the light most favorable to the party opposing the motion. *Kraus v. Sobel Corrugated Containers, Inc.*, 915 F.2d 227, 229 (6th Cir. 1990).

## II. Analysis

In 1992, Petitioner was found guilty and sentenced in the Northern District of Indiana on

fourteen counts for conduct that violated, *inter alia*, 18 U.S.C. § 844(i).[2] (R. 5-1, PageID# 77, 84, 90). Defendant was later re-sentenced on December 3, 1996, to imprisonment of 528 months on one of these counts, 60 months on another, and 120 months on each of the remaining twelve, all to run concurrently. (R. 5-1, PageID# 90, 92). The parties agree that Petitioner's projected release date is December 31, 2029.[3] (R. 5-1, PageID# 76; R. 7, PageID# 116). In 2022, Petitioner submitted a request for administrative remedy claiming that the Warden and Federal Bureau of Prisons incorrectly applied the First Step Act by determining that Petitioner was not eligible for certain extra time credits that would shorten his sentence because he was convicted of violating 18 U.S.C. § 844(i). (R. 5-1, PageID# 80, 82, 85; R. 1-1, PageID# 12). Respondent acknowledges that Petitioner pursued all available remedies after being denied the time credits and properly exhausted his claim before filing the instant petition. (R. 5, PageID# 66).

The First Step Act established a system of time credits for prisoners who successfully

---

[2] There appears to be some inconsistency in the record as to the subsection of 18 U.S.C. § 844 under which Plaintiff was convicted: in some instances, Petitioner and the sentencing court state that Petitioner was convicted under "§ 844(i)." (*See, e.g.*, R. 5-1, PageID# 77, 84). But in other instances, Petitioner, the Bureau of Prisons, and the sentencing court list the conviction as under "§ 844(i)(e)." (*See, e.g.*, R. 1-1, PageID# 10–11; R. 5-1, PageID# 82, 90). For example, in its re-sentencing order, the trial court listed Petitioner's conviction as pursuant to § 844(i)(e). (*See*. R. 5-1, PageID# 90).

Upon the Court's inspection of this issue, it appears as though all references to § 844(i)(e) are inadvertent errors. In neither of the iterations of § 844 as it existed when Petitioner was originally sentenced in 1992 and re-sentenced in December 1996—indeed, even as the section is currently drafted—is there a subsection (e) to subsection (i) of the statute. *See* 18 U.S.C. § 844(i) (effective through Apr. 23, 1996); § 844(i) (effective Apr. 24, 1996 through Apr. 23, 1997); § 844(i) (current). Indeed, there has never been an iteration of this statute consisting of § 844(i)(e). The Seventh Circuit, on an appeal of Petitioner's conviction, even noted that Petitioner had been convicted of violating 18 U.S.C. § 844(i). *See Prevatte v. United States of America*, No. 09-3848, Dkt. 11 (7th Cir. Mar. 16, 2010). Accordingly, the Court continues its analysis of the petition with the understanding that Petitioner was convicted under 18 U.S.C. § 844(i).

[3] In his opposition brief, Respondent inadvertently states that Petitioner's projected release date is December 31, 2023, despite citing to public information containing the correct date. (R. 5, PageID# 66; R. 5-1, PageID# 76).

complete "evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A). However, prisoners serving a sentence for a conviction under any of sixty-eight enumerated provisions of law are ineligible to receive such time credits. *Id.* § 3632(d)(4)(D). One of the provisions included on this list of disqualifying offenses is 18 U.S.C. § 844(i). *Id.* § 3632(d)(4)(D)(xix). A straightforward application of § 3632(d)(4)(D), then, means that Petitioner is ineligible for time credits because he is serving a conviction under 18 U.S.C. § 844(i).[4]

Petitioner argues that this is not the case based on the legislative history of the First Step Act. Specifically, Petitioner contends that the list of offenses that disqualifies a prisoner from receiving time credits was only meant to include "crimes of violence," and that recent Supreme Court decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and *United States v. Davis*, 139 S. Ct. 2319 (2019) render his § 844(i) conviction no longer a "crime of violence." (*See* R. 1-1, PageID# 12–13). Therefore, according to Petitioner, he is not disqualified from receiving time credits.

Petitioner's argument misses the mark in several respects. First, regardless of the legislative history of the First Step Act, the Court is bound to apply the plain meaning of a statute where the text is unambiguous. *Bates v. Dura Automotive Sys., Inc.*, 625 F.3d 283, 285 (6th Cir.

---

[4] Petitioner's first argument, which is clearly meritless, suggests that 18 U.SC. § 844(i) is simply not included on the list of provisions rendering an inmate ineligible for time credits. (R. 1-1, PageID# 12). In support of this argument, Petitioner attached a chart to his petition as Exhibit Four, which apparently contains at least some of the disqualifying convictions listed in § 3632(d)(4)(D). (*See* R. 1-2, PageID# 29). But even in the chart supplied by Petitioner, 18 U.S.C. § 844(i) is listed as a disqualifying offense. (*Id.*).
   To the extent that Petitioner's argument is based on the premise that he was convicted under § 844(i)(e) and that this specific subsection is not listed as a disqualifying offense under § 3632(d)(4)(D), that argument is not well taken. As the Court has already explained above, Petitioner was convicted under § 844(i), not § 844(i)(e). *See supra*.

2010) ("When we can discern an unambiguous and plain meaning from the language of a statute, our task is at an end." (internal quotation marks omitted) (*quoting Bartlik v. U.S. Dep't of Labor*, 62 F.3d 163, 166 (6th Cir. 1995))). Here, the text of § 3632(d)(4)(D) is clear: the statute specifically provides that a prisoner serving a sentence for conviction under § 844(i) is "ineligible to receive time credits." 18 U.S.C. § 3632(d)(4)(D)(xix). Therefore, even if Petitioner were able to cite persuasive evidence from the legislative history of the First Step Act indicating that only convictions for so-called "crimes of violence" were meant to disqualify a prisoner from receiving time credits, and that § 844(i) is not a "crime of violence," the Court still must hold—according to the plain meaning of the statute—that his § 844(i) conviction disqualifies Petitioner from receiving these credits.

Second, the Supreme Court's holdings in *Sessions and Davis* are inapplicable here. In *Sessions*, the Court considered a provision of the Immigration and Nationality Act that rendered deportable any alien convicted of an "aggravated felony," which was defined, in part, as a "crime of violence." *Sessions*, 138 S. Ct. at 1210–11. The term "crime of violence" was defined by 18 U.S.C. § 16 in two parts: "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* (*quoting* § 16(b)). The Court in *Sessions* held that the second part of the definition of "crime of violence," referred to as the residual clause, made the statute "unconstitutionally vague" pursuant to the Due Process Clause. *Id.* at 1223. The *Davis* Court when analyzing another residual clause in 18 U.S.C. § 924(c) held similarly. *See Davis*, 139 S. Ct. at 2323–24, 2336. But in the instant case, the Court is not considering a potentially vague residual clause in 18 U.S.C. §

5

3632(d)(4)(D), or even the language "crime of violence," so the *Sessions* and *Davis* holdings are not applicable to the Court's analysis. Rather, this case involves a simple reading of the First Step Act's statutory text, which unambiguously puts Petitioner on notice that a conviction under 18 U.S.C. § 844(i) specifically disqualifies him from receiving time credits toward his sentence.

Since there is no genuine issue of material fact and Respondent is entitled to judgment as a matter of law, the Court grants Respondent's Motion for Summary Judgment and dismisses the petition.

### III. Conclusion

Respondent's Motion for Summary Judgment (R. 5) is hereby GRANTED. Accordingly, the petition (R. 1) is DISMISSED with prejudice, and Petitioner's Motion to Correct the Record (R. 3) is DENIED.

Furthermore, pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), there is no basis upon which to issue a certificate of appealability. The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 29, 2024